CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/30/2024
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTIRCT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **MARGARET DABNEY BURNETT**, | )<br>) |
| *Plaintiff*, | )<br>) |
| v. | )<br>) |
| **SUBARU OF AMERICA, INC.**, | ) Case No. **6:24CV00042**<br>) |
| and | )<br>) |
| **TERRY INC., d/b/a TERRY VOLKSWAGEN + SUBARU,** | )<br>)<br>) |
| *Defendants*. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Subaru of America, Inc. ("SOA"), by counsel, hereby removes this action from the Circuit Court of the City of Lynchburg, Virginia (the "State Court") to the United States District Court for the Western District of Virginia, Lynchburg Division.

### PROCEDURAL HISTORY

On June 28, 2024, Plaintiff Margaret Dabney Burnett ("Plaintiff") filed her original Complaint against SOA in the Circuit Court for the City of Lynchburg, Virginia, Case No. CL24000723-00. On July 8, 2024, Plaintiff served a copy of the Complaint on SOA's registered agent. A true and accurate copy of Plaintiff's Complaint and all process, pleadings, and orders served upon SOA is attached hereto as **Exhibit A**, and a copy of the State Court's docket as of July 26, 2024 is attached hereto as **Exhibit B**. This Notice of Removal is timely filed within thirty (30) days of receipt by the Defendant through service or otherwise of a copy of the Complaint pursuant

to 28 U.S.C. § 1446(b). No further proceedings have occurred regarding the Complaint. SOA has not filed an answer or any other responsive pleading to the Summons and Complaint, nor made any appearance, argument, or request for relief before the State Court.

In her Complaint, Plaintiff asserts causes of action (i) under the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code §§ 59.1-207.11, *et seq.* ("Lemon Law"), (ii) under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, (iii) for revocation of acceptance, and (iv) rescission.

## GROUNDS FOR REMOVAL

Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiff alleges breach of express and implied warranties in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, and alleges damages in excess of $50,000.00. *See generally* Exhibit A.

Under the MMWA, a consumer may commence an action for damages in federal court if the amount in controversy (exclusive of interest and costs) equals or exceeds $50,000.00. *See* 15 U.S.C. § 2310(d)(3)(B) (requiring the amount in controversy exceed "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined" in the suit); *see also Kruglyak v. Home Depot U.S.A., Inc.*, No. 1:22-cv-00024, 2022 U.S. Dist. LEXIS 201869, at *8 (W.D. Va. Nov. 2, 2022) ("[T]o meet the amount in controversy requirement, and allow for federal question subject matter jurisdiction, [plaintiff] must be seeking $50,000 or more in damages under the Magnuson-Moss Warranty Act.").

Here, Plaintiff asserts breaches of both an express warranty, as well as the implied warranty of merchantability. The Complaint alleges that SOA violated the MMWA because the vehicle's

"limited warranty has failed its essential purpose…and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S.C. § 2304(a)(1) and (4)." Exhibit A ¶ 12. Plaintiff also alleges that SOA "breached its Implied Warranty of Merchantability." *Id.* As a result, Plaintiff seeks to recover damages in the amount of $42,933.81 and incidental costs and compensation in the amount of $10,000.00. The removability of a case depends upon the state of the pleadings and the record at the time of application for removal. *Woods v. Maserati N. Am., Inc.*, No. 3:18-cv-00549-JAG, 2018 U.S. Dist. LEXIS 178102, at *4 (E.D. Va. 2018) (citing *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (citations and internal quotation marks omitted)). "Under the well-pleaded complaint rule, the jurisdictional amount equals the plaintiff's own good-faith claim." *Id.* (citing *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981)). *See also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Accordingly, the allegations in Plaintiff's Complaint satisfy both the substantive claim requirement and the $50,000.00 amount-in-controversy requirement under the MMWA, and this Court has federal question jurisdiction. *See* 15 U.S.C. § 2310(d)(3)(b).

This Court also has supplemental jurisdiction over the remaining Lemon Law claim, the revocation of acceptance claim, and rescission claim, because each of these claims form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a common nucleus of operative fact with the federal claim, and if they would normally be tried together. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because the Lemon Law claim, the revocation of acceptance claim, and rescission claim

are each based upon Plaintiff's purchase of an allegedly defective vehicle, the state law claim shares a common nucleus of operative fact with the MMWA claim. *See, e.g.*, *Kruglyak*, 2022 U.S. Dist. LEXIS 201869, at *8.

## CONSENT TO REMOVAL

Upon information and belief, SOA is the only defendant who has been served in this action. Thus, no additional consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *Unicom Sys. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 640 n.3 (E.D. Va. 2003) ("A defendant need not join a removal notice if . . . it had not been served with process at the time the removal petition was filed . . . .") (internal citation and quotation omitted).

## VENUE

The Circuit Court of the City of Lynchburg, Virginia is located within the Lynchburg Division of the United States District Court for the Western District of Virginia. *See* 28 U.S.C. § 127(c); W.D. Va. Civ. R. 2(a)(5). Therefore, removal venue is necessary in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also* W.D. Va. Civ. R. 2(b).

## NOTIFICATION TO ADVERSE PARTIES AND THE STATE COURT

Immediately following the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), SOA will give written notice thereof to Plaintiff, and will also file a copy of the Notice of Removal with the Clerk's Office for the Circuit Court of the City of Lynchburg, Virginia. *See* State Court Notice, attached hereto as **Exhibit C**. The combination of these filings with notice to the Plaintiff confers exclusive jurisdiction over this matter to the United States District Court for the Western District of Virginia.

Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has alleged claims upon which relief may be granted.

Dated: July 30, 2024

Respectfully submitted,

**SUBARU OF AMERICA, INC.**

By: */s/ Laura May Hooe*
Laura May Hooe, Esq. (VSB No. 84170)
Ashley A. Davoli, Esq. (VSB No. 93466)
MORAN REEVES & CONN, P.C.
1211 East Cary Street
Richmond, Virginia 23219
Tel: (804) 421-6250
Fax: (804) 421-6251
lmayhooe@moranreevesconn.com
adavoli@moranreevesconn.com

*Counsel for Subaru of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record. A copy of the foregoing will additionally be sent to the following via electronic mail only:

James B. Feinman, Esq. (VSB No. 28125)
JAMES B. FEINMAN & ASSOCIATES
P.O. Box 697
Lynchburg, Virginia 24505
jb@jfeinman.com

*Counsel for Plaintiff*

By: */s/ Laura May Hooe*
Laura May Hooe, Esq. (VSB No. 84170)
Ashley A. Davoli, Esq. (VSB No. 93466)
MORAN REEVES & CONN, P.C.
1211 East Cary Street
Richmond, Virginia 23219
Tel: (804) 421-6250
Fax: (804) 421-6251
lmayhooe@moranreevesconn.com
adavoli@moranreevesconn.com

*Counsel for Subaru of America, Inc.*