UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **MARGARET DABNEY BURNETT**, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| **SUBARU OF AMERICA, INC.**, | ) Case No. 6:24-cv-00042 |
| | ) |
| and | ) |
| | ) |
| **TERRY INC., d/b/a TERRY VOLKSWAGEN + SUBARU**, | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANT SUBARU OF AMERICA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Subaru of America, Inc. ("Defendant" or "SOA"), by counsel, for its Answer and Affirmative Defenses to Plaintiff's Complaint,[1] states as follows:

**ANSWER**

1. On May 3, 2022, Plaintiff Margaret Dabney Burnett, a registered nurse at Virginia Baptist Hospital, purchased a new 2022 Subaru Outback for a total delivered price of $42,933.81 from Terry Subaru Volkswagen in Lynchburg, Virginia. The Vehicle Identification Number for the subject vehicle is 4S4BTGUD6N3234540. The subject vehicle was manufactured and/or distributed by the Defendant Subaru of America, Inc. The Defendant warranted the vehicle to be

---

[1] In responding to Plaintiff's Complaint, Defendant in no way waives any of its arguments contained in its Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint and accompanying Memorandum in Support (together, the "Motion to Dismiss"), and specifically adopts and incorporates by reference its *Motion to Dismiss* as if stated fully herein.

1

fit for its ordinary reasonable use and free from defects for the period of 3 years or 36,000 miles, whichever comes first.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2. Plaintiff first began having problems with her vehicle on May 3, 2022. Plaintiff Margaret Dabney Burnett called Terry Subaru Volkswagen because of electrical system defects and malfunctions with her vehicle. The car battery would have to be jumped every 48 hours. Plaintiff drove the subject vehicle to Terry Volkswagen Subaru of Lynchburg. Terry Volkswagen Subaru kept the vehicle and conducted a *"Data Communication Module"* performance. A *"Data Communication Module"* performance facilitates communication between the subject vehicle and external services, such as emergency assistance, remote vehicle monitoring, and navigation features. Repair attempts were made.

**ANSWER**: In response to the allegations contained in Paragraph 2 of the Complaint, Defendant denies that the subject vehicle contained defects and/or malfunctions and demands strict proof thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same and demands strict proof thereof.

3. On October 25, 2022, Plaintiff experienced problems with traction control on the subject vehicle whereas it became apparent when Plaintiff drove around a curve an abnormal grunting and grinding sound occurred from the underside of the vehicle. Plaintiff returned the subject vehicle multiple times to Terry Volkswagen Subaru of Lynchburg. Terry Volkswagen Subaru reviewed the matter and informed the Plaintiff several times that Subaru was aware of the

problem and was waiting on a fix. In reliance on these representations, Plaintiff waited patiently for the Defendants to fix the vehicle. That day never came. Plaintiff contacted Subaru and communicated in writing various times and attempted to resolve, but without success. Eventually, both Subaru and Terry Volkswagen changed position and now assert the vehicle is operating normally and the Defendants refuse to repair it. Additionally, the problem with the battery is still occurring and has been the subject of repair again without success.

**ANSWER**: Defendant denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

## COUNT ONE
## VIOLATIONS OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE 59.1-207.9 ET SEQ. ("LEMON LAW")

4. The allegations in paragraphs 1-3 are re-pled and incorporated herein by reference.

**ANSWER**: Defendant incorporates its responses to Paragraphs 1 through 3 of the Complaint as if fully set forth herein.

5. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereinafter referred to as the "Virginia Lemon Law"). Virginia Code § Page 4 of 6 [sic] 59.1-207.11, et. seq. The Defendant is a manufacturer as defined under the Act and has received due notice under the same statute.

**ANSWER**: The allegations contained in Paragraph 5 of the Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

6. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer.

**ANSWER**: The allegations contained in Paragraph 6 of the Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

7. Defendant Subaru of America, Inc., has been unable to repair the Plaintiff's vehicle after a reasonable number of attempts. The vehicle has been the suspect of many unsuccessful repair attempts of the same defects and malfunctions. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that *"It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer." "The same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist."* It is also presumed that the nonconformity *"is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agent, or its authorized dealer and the same nonconformity continues to exist."* See, Virginia Code § 59.1-207.13(B)(1)(2). The defective and malfunctioning battery and electrical system defect is a serious safety defect as defined in Virginia Code § 59.1-207.13(B)(2). The defective and malfunctioning battery and electrical system defect caused the Plaintiff to be stranded on the roadside. This is a serious safety defect. It is presumed that a reasonable number of repair attempts were made, and the vehicle is significantly impaired in its value and use. Plaintiff invokes these presumptions.

**ANSWER**: Defendant specifically denies that it has been unable to repair the subject vehicle and further denies that the subject vehicle contains defects and/or malfunctions and demands strict proof thereof. As for the remaining allegations in Paragraph 7 of the Complaint,

such allegations contain legal conclusions to which no response is required.  If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

8. Plaintiff seeks to recover as damages the purchase price of the vehicle in the amount of $42,933.81 as well as all finance charges, incidental costs, compensation in the amount of $10,000 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiff, whichever they may choose, reasonable attorney fees in the amount of $600 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

**ANSWER**: Defendant denies the allegations contained in Paragraph 8 of the Complaint and denies that Plaintiff is entitled to recover any damages from SOA whatsoever and demands strict proof thereof.

## COUNT TWO:
## VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT
## 15 U.S. CODE § 2301

9. The Allegations of paragraphs 1-7 are re-pled and incorporated herein by reference.

**ANSWER**: Defendant incorporates its responses to Paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. The Plaintiff is a consumer as defined in 15 U.S.C. § 2301(3). The Defendants are a supplier and warrantor as defined in 15 U.S.C. §2301(1).

**ANSWER**: The allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

11. The subject vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the

purchase, as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S.C. § 2301-(7) respectively.

**ANSWER**: The allegations contained in Paragraph 11 of the Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

12. The limited warranty has failed its essential purpose, and the Defendant has violated the Act due its inability to repair or replace the nonconformities within a Page 6 of 6 [sic] reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S.C. § 2304(a)(1) and (4).

**ANSWER**: Defendant denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformities that exist, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used, 28 U.S.C. § 2308, 2310(d).

**ANSWER**: Defendant denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

## COUNT THREE - REVOCATION OF ACCEPTANCE UNDER VIRGINIA CODE SECTION 8.2-608

14. Paragraphs 1-3 are re-pled herein by reference.

**ANSWER**: Defendant incorporates its responses to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. Virginia Code § 8.2-608 provides that:

> *(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it*
>
> *(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or*
>
> *(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.*
>
> *(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.*
>
> *(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.*

**ANSWER**: The allegations contained in Paragraph 15 of the Complaint contain legal conclusions to which no response is required.  If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

16. The facts pled above establish that Plaintiff is entitled to revocation under section 8.2-608, requiring the Defendants to refund Plaintiff the: (1) full contract price, (2) all collateral charges, including but not limited to sales tax, license and registration fees, and similar government charges; and (3) all finance charges incurred by the Plaintiff. (See, Virginia Code § 8.2-711).

**ANSWER**: Defendant denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. The facts pled above establish that Plaintiff's vehicle has a nonconformity which substantially impairs the value to her, that Plaintiff accepted the nonconformity because such acceptance was reasonably induced by the difficulty of discovering the nonconformity before acceptance, and by the Defendants' assurances about the quality of the vehicle.

**ANSWER**: Defendant denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18. This revocation of acceptance occurred within a reasonable time after Plaintiffs discovered the goods were defective and no substantial change in condition of the vehicle has occurred, except for such changes caused by the vehicle's inherent defects.

**ANSWER**: Defendant denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Plaintiffs seek a judgment award equal to the purchase price of the vehicle ($42,933.81), as well as incidental costs and expenses, including attorneys' fees at a rate of $600.00 per hour or 1/3rd of whatever is recovered, whichever is greater. See, 15 U.S.C. § 2310(d)(2).

**ANSWER**: Defendant denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof. Defendant specifically denies that it is liable to Plaintiff in any sum whatsoever and demands strict proof thereof.

## COUNT FOUR- RESCISSION

20. Paragraphs 1-3 are re-pled herein by reference.

**ANSWER**: Defendant incorporates its responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. The facts pled above establish that Plaintiffs are entitled to an equitable remedy of rescission, requiring the Defendant to refund to Plaintiffs the: (1) full contract price; (2) all collateral charges, including but not limited to sales tax, license and registration fees, and similar government charges; and (3) all finance charges incurred by the Plaintiff.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

22. The equitable remedy of rescission is allowed when there is a failure of consideration. See, Andrews v. Sams, 233 VA 55, 59 (1987); see also, Bolling v. King Coal Theatres, 185 VA. 991, 997 (1947); Neely v. White, 177 VA 358, 366-67 (1941); Southeast Lumbar Co. v. Friend, 158 VA 863,869 (1932). Here, there is a complete failure of consideration because the consideration that Plaintiffs bargained for – a reliable vehicle/motor vehicle with a functioning electrical system and a functioning suspension system.

**ANSWER**: The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.  If, and to the extent any response is required, Defendant denies those allegations and demands strict proof thereof.

23. Plaintiff seeks a judgment award equal to the purchase price of the vehicle ($42,933.81), as well as incidental costs and expenses, including attorneys' fees at a rate of $600.00 per hour or 1/3rd of whatever is recovered, whichever is greater. See, 15 U.S.C. § 2310(d)(2).

**ANSWER**: Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof. Defendant specifically denies that it is liable to Plaintiff in any amount.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant, Subaru of America, Inc. ("Defendant" or "SOA"), by counsel, and asserts as follows for its Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff fails to state a claim against SOA upon which relief may be granted.

2. Any alleged non-conformity or defect of the subject vehicle may be the result of abuse, neglect or modification and alterations of the motor vehicle by person or parties other than SOA. *See* Va. Code Ann. § 59.1-207.13(G)(2).

3. To the extent that it is claimed, SOA denies that it has breached any warranty, express or implied, to the Plaintiff.

4. To the extent it is claimed, SOA avers all implied warranties were specifically disclaimed, displaced, excluded, or were inapplicable to SOA.

5. SOA pleads any warranty exclusions and/or limitations.

6. SOA contends that the Plaintiff failed to mitigate her damages and therefore she may not recover, or alternatively, may not recover fully the alleged damages.

7. SOA contends that the subject action is barred by the applicable statute of repose, statute of limitation, doctrine of estoppel and laches, and the date the subject suit was filed.

8. SOA avers that the Plaintiff has failed to comply with conditions precedent for statutory requirements, specifically including, but not limited to, any and all notice requirements.

9. To the extent any alleged nonconformities exist, which SOA denies, the Plaintiff failed to give SOA a reasonable opportunity to cure the same.

10. Any alleged nonconformity does not significantly impair the use, market value or safety of the subject vehicle. *See* Va. Code Ann. 59.1-207.13(G)(1).

11. SOA has fully performed any and all contractual and other duties, if any, owed to Plaintiff, and Plaintiff is estopped to assert any cause of action against SOA.

12. Plaintiff's claims against SOA are barred by the doctrine of unclean hands.

13. Plaintiff's damages, if any, were caused solely by her own breaches of contract.

14. Plaintiff's claims against SOA are barred by accord and satisfaction.

15. Plaintiff's contractual claims against SOA are barred because she committed the first material breach.

16. SOA pleads that it is entitled to the relief provided for in Virginia Code § 59.1-207.14.

17. SOA reserves the right to amend this pleading and to assert additional defenses, counterclaims, or crossclaims after further discovery and investigation into Plaintiff's allegations.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Subaru of America, Inc., respectfully requests this Court to enter its Order:

A. Dismissing Plaintiff's Complaint, with prejudice;

B. Awarding Subaru of America, Inc. its costs incurred in defending this action; and

C. Awarding Subaru of America, Inc. such other relief as this Court deems to be just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**SUBARU OF AMERICA, INC.**

By: */s/ Laura May Hooe, Esq.*
Laura May Hooe, Esq. (VSB No. 84170)
Ashley A. Davoli, Esq. (VSB No. 93466)
Moran Reeves & Conn PC
1211 East Cary Street
Richmond, Virginia 23219
Tel: 804-421-6250
Fax: 804-421-6251
lmayhooe@moranreevesconn.com
adavoli@moranreevesconn.com

*Counsel for Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: /s/ Laura May Hooe_____
Laura May Hooe, Esq. (VSB No. 84170)
MORAN REEVES & CONN PC
1211 E. Cary Street
Richmond, Virginia 23219
Telephone:  (804) 421-6250
Facsimile:   (804) 421-6251
lmayhooe@moranreevesconn.com

*Counsel for Subaru of America, Inc.*