**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **MARGARET DABNEY BURNETTE,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  6:24-cv-00042** |
| | ) | |
| **SUBARU OF AMERICA, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TERRY, INC. d/b/a** | ) | |
| **TERRY VOLKSWAGEN & SUBARU,** | ) | |
| *Defendants.* | ) | |

**MEMORANDUM IN OPPOSITION TO DEFAULT JUDGMENT**

COMES NOW Defendant Terry, Inc., by counsel, in opposition to the Clerk's Entry of

Default and the pending Motion for Default Judgment (ECF 15) filed by the Plaintiff, to-wit:

**PROCEDURAL HISTORY**

This action was initially filed on June 28, 2024 in the Lynchburg Circuit Court and

Defendant Terry Inc. was served with the summons and complaint on July 3, 2024.   This is the

only service or notice that Terry Inc. has ever received in the case.  Pursuant to longstanding

practice, Terry Inc. transmitted the process to Subaru of America, Inc. and awaited instruction.

On July 30, 2024, Defendant Subaru of America, Inc. filed a Notice of Removal (ECF 1)

in this Court and also in the Lynchburg Circuit Court. Defendant Terry Inc. was not served with

either of these filings and was not informed or aware of either.

On September 10, 2024, the Plaintiff filed: (i) a Request for Clerk's Entry of Default

(ECF 14) and a Motion for Default Judgment (ECF 15).  The Clerk entered default on September

11, 2024 and mailed notice of the Entry to the Defendant Terry, Inc.

Defendant Terry Inc. moves to rescind the Clerk's Entry of Default (ECF 11)  and  to

overrule the Plaintiff's Motion for Default Judgment (ECF 15).

## ARGUMENT

## LACK OF DUE PROCESS

A notice of removal must be served on all defendants.  See, 28 U.S. Code § 1446 (a) and F.R.C.P Rule 11. Since Defendant Terry, Inc. was never served with the notice of removal, there was clearly no process rendered at all and so a default judgment would result in the deprivation of the company's Due Process rights under both the Fifth and the Fourteenth Amendments to the United States Constitution.

## GOOD FAITH

Upon receiving notice of the Clerk's Entry of Default and after becoming aware of the pending Motion for Default Judgment, Defendant Terry, Inc., acting in good faith, immediately retained counsel to address the issue.  There is a pending Motion to Dismiss that may dispose of the case, thus there is no prejudice to the Plaintiff or to the co-defendant in rescinding the Clerk's Entry of Default and in overruling the Plaintiff's Motion for Default Judgment, so that Defendant Terry, Inc. may file appropriate responsive pleadings and so the case may proceed on its merits.

WHEREFORE, Defendant Terry, Inc. prays that the Court rescind the Clerk's Entry of Default and overrule the pending Motion for Default Judgment.

Respectfully submitted,

**TERRY INC.**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By:/s/ M. Paul Valois**
**M. Paul Valois, Esquire**
**Counsel for Defendant Terry Inc.**
**Virginia State Bar No. 72326**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2024, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/ M. Paul Valois
**M. Paul Valois**