IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| MARGARET DABNEY BURNETT, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>SUBARU OF AMERICA, INC. AND )<br> )<br>TERRY INC., d/b/a )<br>TERRY VOLKSWAGEN + SUBARU )<br> )<br>      Defendants. )<br> ) | Case No.: 6:24-cv-00042 |

**PLAINTIFF BURNETT'S RESPONSE TO
SUBARU'S MOTION TO DISMISS**

Now comes the Plaintiff, through undersigned counsel, and in response to Defendant Subaru of America's Motion to Dismiss states as follows:

**A RULE 12 (b)(6) MOTION IS NOT THE CORRECT PROCESS
TO "*RESOLVE CONTESTS SURROUNDING THE FACTS, THE
MERITS OF A CLAIM, OR THE APPLICABILITY OF DEFENSES*"**

1.  "*In connection with a Rule 12 (b)(6) motion, courts ordinarily do not 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'* King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); See, Bing v. Brio Sys., LLC, 959 F.3d 605, 616 (4th Cir. 2020). But, 'in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).' Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) 'is intended [only] to test the legal adequacy of the

complaint,' *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), '[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.' *Goodman*, 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst*, 4 F.3d at 250). Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.' *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448)." See, Jones v Mutual of Omaha Ins. Co. 639 F. Supp. 3d 537, 546 (D.C. Md.) (2022).

**THE FACTS NECESSARY TO RESOLVE A STATUTE OF LIMITATIONS DEFENSE DO NOT APPEAR ON THE FACE OF THE COMPLAINT; THEREFORE THE ISSUE CANNOT BE RESOLVED BY A FRCP 12(B)(6) MOTION**

2.      "As a general rule, 'a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant.' Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). A defendant's statute of limitations affirmative defense can be raised in a Rule 12(b)(6) motion to dismiss; **however, it is seldom appropriate to do so**. See Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) ('A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses.'). Accordingly, a statute of limitations defense must 'clearly appear [ ] on the face of the complaint.' Id. In other words, the complaint must clearly allege 'all facts necessary to the affirmative defense.' Goodman, 494 F.3d at 464. When the facts

2

*necessary to the affirmative defense are not apparent on the face of the complaint, discovery is appropriate. See* Cruz v. Maypa, 773 F.3d 138, 146-47 (4th Cir. 2014) *(reversing in part the district court's decision to grant the defendant's motion to dismiss because the plaintiff's claims were time-barred and remanding for discovery so the district court could determine if any or all of plaintiff's claims were equitably tolled)."* See, Diop v. BMW of North America, LLC, 511 F. Supp.3d 679, 684 (E.D.N.C. 2021). (Emphasis added.) This settled law applies here. The facts necessary to resolve the statute of limitations defense do not appear on the face of the Complaint. The Motion should be denied.

## **VA CODE § 8.01-229(D) MAY BE APPLICABLE TO THIS CASE**

3.     VA CODE § 8.01-229(D) provides: "*Obstruction of filing by defendant.--When the filing of an action is obstructed by a defendant's (i) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.*"

4.     The applicability of this Code section cannot be determined on the basis of the pleadings. For example, the Plaintiff's Complaint at ¶3 states:

> *"3. On October 25, 2022, Plaintiff experienced problems with traction control on the subject vehicle whereas it became apparent when Plaintiff drove around a curve an abnormal grunting and grinding sound occurred from the underside of the vehicle. Plaintiff returned the subject vehicle multiple times to Terry Volkswagen Subaru of Lynchburg. Terry Volkswagen Subaru reviewed the matter and informed the Plaintiff several times that Subaru was aware of the problem and was waiting on a fix. In reliance on these representations, Plaintiff waited patiently for the Defendants to fix the vehicle. That day never came. Plaintiff contacted Subaru and communicated in writing various times and attempted to resolve, but without*

3

> *success. Eventually, both Subaru and Terry Volkswagen changed position and now assert the vehicle is operating normally and the Defendants refuse to repair it. Additionally, the problem with the battery is still occurring and has been the subject of repair again without success."*

<u>See</u>, ECF Document 1-1, p. 7 of 13, ¶3

5.  Discovery in this case will focus primarily on what Subaru knows, and when it knew it. Motor vehicle manufacturers like Subaru keep meticulous records of warranty claims, warranty service, and warranty repairs. When a motor vehicle manufacturer starts to accumulate numerous warranty claims on the same or similar problem it provokes review in the manufacturer's quality control apparatus. These reviews frequently lead to the promulgation of engineering reviews and analysis. This will frequently lead to the production of a "*Technical Service Bulletin*." Technical Service Bulletins describe the warranty defect under review and gives the manufacturer's dealerships guidance on how to correct a problem. Sometimes these Technical Service Bulletins are highly remedial and allow the problem to be corrected. Sometimes these Technical Service Bulletins indicate less than a clear description of the defect and the proposed repair.

6.  Plaintiff Burnett was never given any Technical Service Bulletin, but undersigned counsel has recently uncovered "*Service Bulletin # 16-136-22R*" attached hereto as Exhibit One. This document is noted "*1/20/222*" and indicated it was revised "*04/26/22*." The "*SUBJECT*" of this "*SERVICE BULLETIN*" is "*Vibration & Possible Judder Concern on Turns Under Acceleration*." The "*SERVICE BULLETIN*" makes it clear there is only a "*temporary*" repair available:



7.    The word "*judder*" is defined as "*to shake violently, especially of a vehicle*." Cambridge Dictionary. The Plaintiff was never informed of a temporary repair, or the possibility of a later, improved repair. The Complaint, which must be accepted as true at this stage of the litigation, states in pertinent part: "*Plaintiff returned the subject vehicle multiple times to Terry Volkswagen Subaru of Lynchburg. Terry Volkswagen Subaru of Lynchburg reviewed the matter and informed the Plaintiff several times that Subaru was aware of the problem and was waiting for a fix. In reliance on these representations, Plaintiff waited patiently for the Defendants to fix the vehicle. That day never came. …Eventually, both Subaru and Terry Volkswagen changed position and now assert the vehicle is operating normally and the Defendants refuse to repair it.*"

8.    On a FRCP 12(b)(6) it is firmly established the Court must accept as true all the factual allegations contained in the Complaint and draw all reasonable inferences from these facts in favor of the Plaintiff. The FRCP 12(b)(6) Motion should only be granted if

it appears certain that the Plaintiff cannot prove any set of facts in support of her claim entitling her to relief. Hayes v. Maryland Transit Administration, 708 F. Supp. 3d 683 (2023) (Quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

9. Clearly Ms. Burnett, after proper discovery is concluded, may be able to prove that the time in which the affirmative actions of Terry Volkswagen Subaru and Subaru of America obstructed the filing of her claim by affirmative acts designed or intended, directly or indirectly to do just that. See, Mackey v. McDannald, 298 VA. 645 (2020). See also Smith Development, Inc. v. Conway, 79 VA. App. 360 (2024).

10. As shown in the Declaration of Mr. Feinman, attached hereto as Exhibit Two, it is not known whether the allegations of the Service Bulletin that "*A revised repair procedure will be introduced at a later date*" is even true. Discovery will show if this was a true statement, or some trick or artifice preventing inquiry, or calculated to hinder the discovery of and timely assertion of the Lemon Law Cause of Action. Plaintiff Burnett may be able to show, after proper and fulsome discovery, that Subaru never intended to develop "*a revised repair procedure*" and this was merely a delay tactic to accomplish what has been accomplished here – delay in the filing of the Lemon Law Cause of Action beyond the alleged statute of limitations.

11. For these reasons, pursuant to long-standing precedent that FRCP 12 Motions are typically not the appropriate device to resolve the affirmative defense of the statute of limitations, and because it is not clear that the Plaintiff cannot prove any set of facts to prevail, the Motion to Dismiss should be overruled and denied at this time.

## PLAINTIFF BURNETT'S RESPONSE TO
## MOTIONS TO DISMISS COUNT THREE

12.     Undersigned counsel acknowledges the Complaint could have been more carefully pled. In regard to Count Three as it applies to Subaru of America, the Virginia Motor Vehicle Warranty Enforcement Act is a statutory form of renovation applicable to a motor vehicle manufacturer and distributor By its own terms the Act states "*…the manufacturer should…accept return of the motor vehicle and refund to the consumer …*" See, VA. Code § 59.1-207.13(A)(2). This is a statutory grant of the remedy of revocation. It is an acknowledgement by the General Assembly of the reality of the situation, that is, motor vehicle manufacturers have direct warranty contracts with the buyers of their cars, there is privity of contract between the manufacturer and the consumer, and there is no reason not to allow revocation of the contractor the breach of the warranty contract. It happens every day in every State and such a technical objection has been rejected by the General Assembly in this context. The merits of discussing Count Three should be dismissed at this time.

## PLAINTIFF BURNETT'S RESPONSE TO
## MOTION TO DISMISS COUNT FOUR

13.     Subaru's Motion to Dismiss the claim for rescission is based solely on Subaru's bald claim that there is no *"legally enforceable obligation of a defendant to a plaintiff"* rescission is *"a remedy that is available in actions that are based upon valid contracts"* and *"Plaintiff does not plead any facts – nor can she plead any facts – that show SOF had a 'legally enforceable obligation' to Plaintiff pursuant to a contract."* See ECF Document 4, p. 6-7 of 9.

14. Counsel for Subaru has not overlooked ¶1 of the Complaint where it is alleged that "*The Defendant warranted the vehicle to be fit for its ordinary reasonable use and free from defects for the period of 3 years of 36,000 miles, whichever comes first*." See ECF Document 1-1 at p. 6 of 13, ¶ 1. Counsel for Subaru merely ignores it Remarkably, Subaru claims it "*lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefor denies the same and demands strict proof thereof*." The Court can assess whether this Answer is in good faith. In any event, the allegations of the Complaint must be accepted as true. A warranty is alleged. This is a legally enforceable obligation. It is a contract between the parties. By its own terms, Subaru's Motion to Dismiss must be denied at this time.

## CONCLUSION

For these reasons, stated herein, the Motion to Dismiss should be denied en toto at this time.

Respectfully Submitted,

**MARGARET DABNEY BURNETT**

By: /s/ James B. Feinman, Esq.

/s/ James B. Feinman
James B. Feinman (VSB# 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
Telephone: (434) 846-7603
Fax: (434) 846-0158
Email: jb@jfeinman.com
*Counsel for Plaintiff*

8