# Exhibit Two:

# Declaration of James B. Feinman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| MARGARET DABNEY BURNETT,<br>    Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC. AND<br><br>TERRY INC., d/b/a<br>TERRY VOLKSWAGEN + SUBARU<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 6:24-cv-00042<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JAMES B. FEINMAN

I, James B. Feinman, being over the age of eighteen years, hereby declare under penalty of perjury that the following information is true and correct:

1. I am 68 years old and have practiced law in Virginia since 1987. My practice has focused on civil litigation. A large part of my practice centers on Virginia Motor Vehicle Warranty Enforcement Act cases and Magnuson-Moss Warranty Act cases related to motor vehicles. In the past three years I have prosecuted about 17 such cases in the Western District of Virginia and well over 100 in the Eastern District of Virginia. I have resolved all these cases to the satisfaction of my client, except for one. Over the 38 years of my practice, I have successfully prosecuted well over 1000 such cases.

2. It is my professional opinion, after diligent research in this case, that the Plaintiff will, or certainly may, be able to show a set of facts that allows her to apply VA. Code § 8.01-229(D) to defeat the affirmative defense of the statute of limitations.

I find it particularly compelling that an official Subaru Technical Service Bulletin asserts *"A revised repair procedure will be introduced at a later date"* but I have not been able to find any such repair. If Subaru really had such a repair, or was developing one in good faith, it stands to reason it would offer it to its customers. The apparent failure to do so, combined with Ms. Burnett's allegation in her Complaint, that *"Eventually both Subaru and Terry Volkswagen changed position and now assert the vehicle is operating normally and the Defendants refuse to repair it."* indicates to me that Ms. Burnett may be able to show affirmative acts on the part of both Defendants to obstruct the timely filing of Ms. Burnett's claim.

3. This Declaration is not intended to seek any form of summary judgment under FRCP 56, or to convert the FRCP 12(b)(6) Motion into a Motion for Summary Judgment. It is offered to assist the Court in finding that appropriate and fulsome discovery may reveal evidence to defeat the defense of the statute of limitations, i.e. there is a set of facts under which the Plaintiff may prevail on this issue.

4. I declare under penalty of perjury that the foregoing is true and correct.

March 28, 2025

_James B. Feinman_