CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

MAR 31 2025

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARGARET DABNEY BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 6:24-cv-042 |
| SUBARU OF AMERICA, INC. ) | |
| ) | |
| and ) | By:    Michael F. Urbanski |
| ) | Senior United States District Judge |
| TERRY, INC. d/b/a ) | |
| TERRY VOLKSWAGEN & SUBARU, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by defendant Subaru of America ("Subaru"). ECF No. 3. Plaintiff Margaret Dabney Burnett purchased a new Subaru vehicle from the other defendant in this case, Terry, Inc., which is a Subaru dealership in Lynchburg, Virginia, on May 3, 2022. Compl., ECF No. 9, ¶ 1. She alleges that the vehicle began malfunctioning soon thereafter and that defendants failed to repair the vehicle. Id. ¶¶ 2-3. Accordingly, Burnett filed a complaint on June 28, 2024, claiming violations of the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"), Va. Code Ann. § 59.1-207.9 et seq., and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Id. ¶¶ 4-13. Burnett also claims that she is entitled to revocation of acceptance under Va. Code Ann. § 8.2-608 and the equitable remedy of recission. Id. ¶¶ 14-23. Subaru moved to dismiss the Lemon Law claim and the two contract claims, though not the Magnuson-Moss Warranty Act claim,

1

on August 6, 2024. ECF No. 3. Because the court agrees with Subaru that the Lemon Law claim is time-barred on the face of the complaint and that no contract existed between Subaru and Burnett, the motion to dismiss is **GRANTED**.

## BACKGROUND

Burnett purchased a new 2022 Subaru Outback for $42,933.81 from Terry, Inc. in Lynchburg, Virginia on May 3, 2022. Compl., ECF No. 9, ¶ 1. She alleges that the vehicle began to exhibit electrical malfunctions immediately and began to experience traction control problems by October. Id. ¶¶ 2-3. Burnett brought the vehicle to Terry, Inc., and repair attempts were made. Id. ¶ 2. At first, Terry, Inc. informed Burnett that "Subaru was aware of the problem and was waiting on a fix." Id. ¶ 3. While she awaited a fix, Burnett "communicated in writing various times" with Subaru. Id. However, eventually, both Subaru and Terry changed their position, stating that the vehicle was operating normally and that they would not repair it. Id.

Accordingly, Burnett filed a complaint in Lynchburg Circuit Court on June 28, 2024. State Ct. Rs., ECF No. 9 at 1. Subaru then filed a notice of removal to federal court on July 30, 2024. ECF No. 1. In Count One, Burnett claims that Subaru violated the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"), Va. Code Ann. § 59.1-207.9 et seq. The Virginia Lemon Law provides:

> [If a vehicle manufacturer or its authorized dealers,] do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the driveability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the lemon law rights period, the manufacturer shall . . . accept return of the motor vehicle and refund to the

> consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages . . . .

Va. Code Ann. § 59.1-207.13. Burnett alleges she is entitled to recovery under the Virginia Lemon Law because Subaru failed to repair her vehicle after several repair attempts, and the defects in her vehicle's battery and electrical system were serious—so serious that she was at one point left stranded on the roadside. Compl., ECF No. 9, ¶ 7.

In Count Two, Burnett alleges that she is entitled to recovery under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, because Subaru violated an express limited warranty that the vehicle would be "fit for its ordinary reasonable use and free from defects for the period of 3 years or 36,000 miles, whichever comes first" as well as an implied warranty of merchantability. Id. ¶¶ 1, 9-13.

In Count Three, Burnett claims that she is entitled to revocation of acceptance under Va. Code Ann. § 8.2-608 because the Subaru vehicle Burnett purchased from Terry, Inc. is so defective that it effectively is not the product she agreed to purchase. Id. ¶¶ 14-19. Burnette alleges that the vehicle's nonconformities substantially impair the value of the vehicle to her and that she initially accepted the nonconforming vehicle because of the difficulty of discovering the nonconformities, such as the problems with the vehicle's battery and electrical system, before acceptance and because Subaru and Terry, Inc. assured her the vehicle was in good condition. Id.

Finally, in Count Four, Burnett seeks the equitable remedy of recission. Id. ¶¶ 14-23. In other words, Burnett alleges that there was no consideration for the contract she made with Terry, Inc. to purchase a Subaru vehicle from them because "the consideration that

3

Plaintiff[] bargained for—a reliable vehicle/motor vehicle with a functioning electrical system and a functioning suspension system" was not in fact provided. Id. ¶¶ 20-23.

The complaint seeks $42,933.81, which represents the price of the vehicle, as well as all finance charges, incidental costs, compensation in the amount of $10,000 for inconvenience and loss of use, and attorney fees and costs. Id.

Subaru moved to dismiss the complaint for failure to state a claim on August 6, 2024. ECF No. 3. In its motion to dismiss, Subaru contends that Count One is time-barred and that Counts Three and Four are contract-based claims that cannot be invoked against Subaru because Burnett's contract to purchase the allegedly defective vehicle was formed only between herself and Terry, Inc. ECF No. 4. Subaru has not moved to dismiss Count Two. Id. After delay due to a pending motion for default judgment as to the other defendant in this matter, Terry, Inc., see ECF No. 34, Burnett responded in opposition to Subaru's motion to dismiss on March 28, 2025, ECF No. 35. Subaru has not yet filed a reply, but because the court agrees with Subaru that Counts One, Three, and Four fail to state claims for which relief may be granted, the court need not wait any longer before granting the motion to dismiss. See Local Rule 11(c)(1) (indicating that reply briefs from the moving party are not mandatory).

As for Burnett's claims against Terry, Inc., Terry, Inc. initially failed to appear before this court, and Burnett moved for default judgment. ECF No. 15. That motion remains pending because Terry, Inc. has since appeared in this matter and opposes default judgment. ECF No. 24; ECF No. 25. A hearing was scheduled to address the default judgment motion, but that hearing was continued at the request of the parties. ECF No. 32. This opinion's

4

resolution of Subaru's motion to dismiss does not affect the claims against Terry, Inc., which will be addressed separately should the parties reschedule a hearing on the motion for default judgment, and Subaru will remain as a defendant in this case based on Count Two.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); see also Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a 'complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.'") (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis omitted)). In evaluating a motion to dismiss under Rule 12(b)(6), a court must consider all well-pleaded allegations in a complaint as true and construe them in the light most favorable to the plaintiff. Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017).

## DISCUSSION

As to Count One, Subaru argues that Burnett's claim under the Virginia Lemon Law is barred by the applicable statute of limitations. Mem. Supp. Mot. Dismiss, ECF No. 4 at 4.

Burnette purchased and took delivery of the vehicle at issue in this case on May 3, 2022. Compl., ECF No. 9, ¶ 1. The version of the Virginia Lemon Law statute in effect on that date provided, "Any action brought under [the Virginia Lemon Law] shall be commenced within eighteen months following the date of original delivery of the motor vehicle to the consumer." Va. Code Ann. § 59.1-207.16 (1999). Burnett does not dispute that this is the applicable statute of limitations.[1] ECF No. 35. Burnett thus had until November 3, 2023, to file a complaint.[2] However, she waited until June 28, 2024, to file her complaint. ECF No. 9. Thus, on the face of the complaint, Burnett's Virginia Lemon Law claim is time-barred.

Burnett argues that a defense based on the statute of limitations is not ordinarily an appropriate vehicle for dismissal under Rule 12(b)(6). It is true enough that a "motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). However, "[i]n the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint." Id. Such a circumstance is presented here because the face of the complaint conveys all that is needed

---

[1] The statute of limitations language in Virginia Code § 59.1-207.16 was amended effective July 1, 2022, several months after Burnette purchased her vehicle, to replace "within eighteen months following the date of original delivery of the motor vehicle to the consumer" with "within the lemon law rights period." See Va. Code Ann. § 59.1-207.16. However, under the language in effect when Burnette purchased and received her new vehicle, the statute of limitations began to run that very day—May 3, 2022, and the new language cannot be applied retroactively because, under Virginia law, "amendments to statutes of limitations are presumed to be prospective and not retroactive in their operation, in the absence of a clear legislative intent to the contrary." Riddett v. Va. Elec. & Power Co., 255 Va. 23, 29, 495 S.E.2d 819, 822 (1998). No such legislative intent to the contrary is evident here.

[2] The relevant statute of limitations also provided that if a plaintiff first pursued remedies via a vehicle manufacturer's informal dispute settlement procedure within 18 months of the vehicle's delivery and did not receive a satisfactory resolution, then an additional 12 months following the manufacturer's action under its informal dispute settlement procedure would be applied to extend the statute of limitations. Randel v. FCA US, LLC, 106 Va. Cir. 388, 398, 399 (Norfolk Cir. Ct. 2020). However, Burnett has not alleged that she pursued any informal dispute settlement procedure, so only the default 18-month statute of limitations period applies. Compl., ECF No. 9.

determined that the touchstone of the obstruction analysis is whether the defendant had the "obstructive intent" to "'prevent[] inquiry, or . . . to hinder a discovery of the cause of action by the use of ordinary diligence.'" Mackey v. McDannald, 298 Va. 645, 657, 842 S.E.2d 379, 386 (2020) (quoting Culpeper Nat. Bank v. Tidewater Improvement Co., 119 Va. 73, 84, 89 S.E. 118, 121 (1916)). Here, the premise of a Virginia Lemon Law claim is that a plaintiff discovers defects in a recently purchased vehicle and then the manufacturer does not successfully repair those defects "after a reasonable number of attempts during the lemon law rights period." Va. Code Ann. § 59.1-207.13. Moreover, the applicable statute of limitations is tied not to the date on which the plaintiff learned of a defect, or to the date on which the defendant failed to repair a defect, but rather to "the date of original delivery of the motor vehicle to the consumer." Va. Code Ann. § 59.1-207.16 (1999). A defendant cannot obstruct a plaintiff's discovery that she has purchased a vehicle, a fact about which the plaintiff is certainly aware, and a defendant's assurances that future repairs are coming cannot obstruct a plaintiff's discovery that she has unsuccessfully sought repairs throughout the statutorily designated period. In fact, promises of future repairs bespeak the failure of timely repair, despite a reasonable number of attempts, at the heart of a Virginia Lemon Law claim. Even if Subaru acted with ill-intent in informing Burnett that it was awaiting a fix or a revised repair procedure, such promises would not obstruct Burnett's recognition that she had a claim on the basis of Subaru's failure to rectify the defects within the 18 months following her acquisition of the vehicle. Thus, because Burnett's Virginia Lemon Law claim is time-barred on the face of the complaint and no fact issues alter this analysis, Count One is dismissed for failure to state a claim.

As to Count Three, Subaru argues that Burnett has failed to state a claim against Subaru for revocation of acceptance under Virginia Code § 8.2-608 because Burnett purchased the vehicle from Terry, Inc. and thus never formed a sales contract with Subaru. Mem. Supp. Mot. Dismiss, ECF No. 4 at 6. The Supreme Court of Virginia has explicitly held that "the remedy of revocation of acceptance under Code § 8.2-608 is conceptually inapplicable to any persons other than the parties to the contract of sale sought to be rescinded." Gasque v. Mooers Motor Car Co., 227 Va. 154, 162-63, 313 S.E.2d 384, 390 (1984) (concluding that a plaintiff's claim for revocation of acceptance was not available against the manufacturer of a vehicle where the plaintiff purchased the vehicle from a dealership). Burnett's only argument in response is that Virginia Code § 59.1-207.13(A)(2)—the Virginia Lemon Law—provides as a remedy that a plaintiff may return the defective vehicle to the manufacturer and receive a refund. Resp., ECF No. 35 at 7. This argument amounts to a suggestion that a timely Virginia Lemon Law claim might have been an appropriate vehicle for remedying Burnett's alleged injury in this case, but it does nothing to change the fact that a claim for revocation of acceptance under Virginia Code § 8.2-608 is not available against the manufacturer when a consumer purchased a vehicle from a dealership. Thus, Count Three must be dismissed.

Finally, Count Four must be dismissed for much the same reason. Count Four seeks the equitable remedy of recission of the contract for the sale of the vehicle from Terry, Inc. to Burnett. Id. ¶¶ 1, 20-23. As the Supreme Court of Virginia has explained, "Although it is true that equitable recission is an equitable remedy, it is a remedy that is available in actions that are based upon valid contracts." Montalla, LLC v. Commonwealth, 303 Va. 150, 168,

900 S.E.2d 290, 298 (2024). Here, the contract for which Burnett seeks recission was the contract formed between Burnett and Terry, Inc. when Burnett paid a purchase price in exchange for receipt of a vehicle. Subaru was not a party to that contract simply because Subaru manufactured the vehicle that Terry, Inc. sold, and it would make little sense for the court to permit Burnett to recoup the purchase price she paid to Terry, Inc. from Subaru on the basis of recission. In response, Burnett contends that because Subaru warranted to Burnett that the vehicle would be "fit for its ordinary reasonable use and free form defects for the period of 3 years or 36,000 miles, whichever comes first," Compl., ECF No. 9, ¶ 1, a "legally enforceable obligation" or "contract" existed between Burnett and Subaru, Resp., ECF No. 35 at 8. However, while this warranty may form an appropriate basis for Count Two under the Magnuson-Moss Warranty Act, which Subaru has not moved to dismiss, such a warranty has no bearing on the claim for recission of the contract for sale of the vehicle. Thus, the motion to dismiss Count Four must be granted.

## CONCLUSION

Because Count One is time-barred and because Counts Three and Four are based on the contract for purchase of the vehicle formed between Burnett and Terry, Inc., not between Burnett and Subaru, the motion to dismiss is **GRANTED**. This case will proceed based on Count Two against Subaru and all counts against Terry, Inc.

An appropriate order will be entered.

Entered: March 31, 2025

Michael F. Urbanski
Senior United States District Judge