**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| **MARGARET DABNEY BURNETT**, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| **SUBARU OF AMERICA, INC.**, | ) Case No. 6:24-cv-00042 |
| and | ) |
| **TERRY INC., d/b/a TERRY VOLKSWAGEN + SUBARU**, | ) |
| *Defendants*. | ) |

**DEFENDANT SUBARU OF AMERICA, INC.'S
<u>NOTICE OF ADDITIONAL INFORMATION</u>**

On March 31, 2025, this Court issued a Memorandum Opinion and Order [ECF Nos. 36-37], granting Defendant Subaru of America, Inc.'s Partial Motion to Dismiss Counts I (Virginia Lemon Law), III (Revocation of Acceptance), and IV (Rescission) pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF Nos. 3-4.] SOA moved to dismiss the Lemon Law claim on the grounds that it was time-barred under the 18-month limitations period of Virginia Code § 59.1-207.16 (1999) because Plaintiff took delivery of the subject vehicle on or about May 3, 2022, but he did not file suit until June 28, 2024—more than 24 months later. Also, the Complaint does not allege that Plaintiff engaged in an informal dispute settlement procedure offered by SOA that could toll the limitations period. [ECF No. 4 at 5.] The Court agreed, holding: "[O]n the face of the complaint, Burnett's Virginia Lemon Law claim is time-barred." [ECF No. 36 at 6.] The Court further observed that "Burnett has not alleged that she pursued any informal dispute settlement

1

procedure, so only the default 18-month statute of limitations period applies. Compl., ECF No. 9." [*Id.* n.2.]

A few days after the Court handed down its opinion, the undersigned counsel discovered email correspondence from the Better Business Bureau (BBB) of New Jersey dated November 26, 2022, forwarding SOA a consumer complaint Plaintiff filed related to the subject vehicle's "yaw sensor and traction control[.]" *See* pertinent email correspondence attached as **Exhibit A**. During the month of December, there are communications among Plaintiff, the New Jersey BBB, and SOA regarding her complaint. *See generally id.* On December 22, 2022, Plaintiff advised SOA that "[a]fter so much back and forth regarding my traction control issue I have decided to reach out to a lawyer regarding my unresolved concerns." *Id.* On December 27, 2022, SOA's Customer Advocacy Department responded, apologizing that they could not do more to assist and asking Plaintiff to provide a letter of representation in the event she retained counsel. *Id.* While there are additional communications between SOA and Plaintiff regarding the subject vehicle after December 27, 2022, this is the last communication of which SOA is aware involving the New Jersey BBB.

This new information about Plaintiff's pre-suit activities does not impact the reasoning of the Court's decision granting SOA's partial motion to dismiss, but SOA brings the information to the Court's attention out of an abundance of caution and to fulfill its duty of candor. Plaintiff did not mention any of these activities in her Complaint or in briefing. And even if she did, none of the activities qualify as initiating an informal dispute settlement procedure so as to toll the statute of limitations and change the conclusion that Plaintiff's Lemon Law claim is time-barred.

SOA's Warranty Supplement describes the informal dispute settlement procedures available in certain states and "includes important disclosure information as required by some

2

states." *See* Warranty Supplement at i, attached as **Exhibit B**.  It advises customers that if their state is not listed in the Warranty Supplement, they should "check with [their] individual State agencies for information and refer to the 'All States' section." *See id.*  Because Virginia is not listed individually in the Warranty Supplement, the "All States" section applies.  That section advises customers who have a problem with the performance of their vehicle to first contact the retailer and then, if the concern cannot be resolved by the retailer or management, to contact SOA's Customer Retailer Service Department. *Id.* at 1.  For some states ***other than Virginia***, however, customers are advised that SOA participates in the "[BBB] Auto Line, a dispute settlement program administered by the Council of Better Business Bureaus[.]" *See, e.g., id.* at 2.  It instructs customers how to file a claim with BBB AUTO LINE, stating "[u]nless you would like to proceed directly to arbitration, BBB staff will try to achieve a resolution of your dispute by serving as an intermediary between you and Subaru.  If that does not successfully resolve your dispute, and your claim is eligible for arbitration, you may present your case to an arbitrator at an informal hearing.  The arbitrator's decision should ordinarily be issued 40 days from the time your complaint was filed." *Id.*

      Plaintiff appears to have filed a complaint with the New Jersey BBB[1], but that is not the same thing as engaging an "informal dispute settlement procedure" within the meaning of Virginia Code § 59.1-207.15 (which is incorporated by reference into § 59.1-207.16) so as to toll the limitations period.  Virginia courts have consistently interpreted § 59.1-207.15 to require "at a minimum, [that an informal dispute settlement procedure] must have some agreed upon submission to the decision of a neutral person selected by the manufacturer." *Nikolov v. Ford*

---

[1] SOA has conferred with its Customer Advocacy Department and learned that it no longer has access to the information previously linked to the New Jersey BBB portal.

*Motor Co.*, 104 Va. Cir. 327, 329 (Norfolk Cir. Ct. 2020); *see also Searle v. GMC*, 46 Va. Cir. 328, 329 (Loudoun Cnty. 1998) ("It is contemplated by the Act that the informal dispute settlement procedure would involve the intervention of someone other than the manufacturer or the consumer in the decision-making process.") (citing *Smith v. General Motors Corp.*, 35 Va. Cir. 112 (1994)); *Randel v. FCA US, LLC,* 106 Va. Cir. 388, 401-402 & 405 (Norfolk Cir. Ct. 2020) (holding that "under the circumstances, Rose Waldorf, [PLLC], [was sufficiently independent of FCA, and] was authorized by FCA to conduct portions of FCA's informal dispute settlement procedure…and that the post-arbitration communications involving Rose Waldorf were a continuation of FCA's informal procedure."); *Greer v. Nissan N. Am. Inc.*, 2024 U.S. Dist. LEXIS 236256, at *10 (W.D. Va. Nov. 26, 2024) ("[T]he parties settled and draft their agreement at arm's length, not through an arbitration, mediation, or any other informal settlement procedure involving a neutral third party."). Here, even assuming the BBB applied to Plaintiff as a Virginia customer – which it did not – Plaintiff merely filed a complaint with the New Jersey BBB; she did not submit her claim to arbitration through the BBB, meaning the BBB was not involved in the decision-making process. Therefore, Plaintiff has not submitted her claim to a third-party neutral within the meaning of § 59.1-207.15 so as to trigger the tolling provision of § 59.1-207.16. Plaintiff, having not alleged in either the Complaint or in briefing that she engaged in an informal dispute settlement procedure, concedes this point. Even assuming that filing a complaint with the New Jersey BBB could be sufficient to toll the limitations period under § 59.1-207.16, the New Jersey BBB's involvement appears to have ended (at the latest) by December 27, 2022, meaning Plaintiff would have had until **December 27, 2023**, to file her complaint. Having not filed her complaint until **June 28, 2024** – even with the hypothetical benefit of tolling – her Lemon Law claim is still untimely.

Accordingly, although SOA maintains that this additional information does not affect the Court's analysis or finding that Plaintiff's Lemon Law claim is time-barred, SOA respectfully submits this Notice out of an abundance of caution to comply with its duty of candor.

Dated: April 10, 2025

Respectfully submitted,

**SUBARU OF AMERICA, INC.**

By: */s/ Laura May Hooe*
Laura May Hooe, Esq. (VSB No. 84170)
Klein Thomas Lee & Fresard
Three James Center
1051 E Cary Street, Suite 1430
Richmond, Virginia 23219
Tel: 703-577-6644
laura.hooe@kleinthomaslaw.com
*Counsel for Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 10th day of April, 2025, I have electronically filed the foregoing Notice of Appearance with the Clerk of Court using the CM/ECF system which will provide notice of the same to such other CM/ECF users affiliated with this matter.

                By: */s/ Laura May Hooe*
                   Laura May Hooe, Esq. (VSB No. 84170)
                   Klein Thomas Lee & Fresard
                   Three James Center
                   1051 E Cary Street, Suite 1430
                   Richmond, Virginia 23219
                   Tel:  703-577-6644
                   laura.hooe@kleinthomaslaw.com
                   *Counsel for Subaru of America, Inc.*