CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
April 14, 2025
LAURA A. AUSTIN, CLERK
BY  KRISTIN AYERSMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| MARGARET DABNEY BURNETT, <br>     Plaintiff, | |
| | Civil Action No.   6:24CV00042 |
| V. | |
| SUBARU OF AMERICA, INC., <br>     Defendants. | By: Hon. Michael F. Urbanski <br> Senior United States District Judge |

## SCHEDULING ORDER

The court proposes the following as a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests changes within fourteen (14) days, it will constitute the scheduling order in this case. The court may amend the order on its own motion, or **the parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f).**

### Summary

| | |
|---|---|
| **TRIAL DATE:** | February 23-25, 2026 (JURY TRIAL) <br> 9:30 a.m. |
| **PLACE:** | **UNITED STATES DISTRICT COURT** <br> 1101 Court Street, Suite A66 <br> Lynchburg, Virginia 24504 |
| **FED. R. CIV. P. 26(f) CONFERENCE:** | 14 days from this order |
| **FILING OF RULE 26(f) PLAN:** | 21 days from this order |
| **INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a):** | 30 days from this order |
| **PLAINTIFF(S) INITIAL EXPERT DISCLOSURE:** | 75 days from this order |
| **DEFENDANT(S) INITIAL EXPERT DISCLOSURE:** | 90 days from this order |
| **DEADLINE TO COMPLETE DISCOVERY:** | 90 days before trial date |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS:** | 75 days before trial date |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS:** | 45 days before trial date |
| **DEADLINE FOR HEARING MOTIONS IN LIMINE:** | 14 days before trial date |

## Trial

1. This case is set for a jury trial, scheduled to begin at 9:30 am on February 23, 2026.

2. The parties shall contact Kristin Ayersman, Courtroom Deputy, (kristina@vawd.uscourts.gov; 540-857-5153), to schedule a pretrial conference to be held no later than fourteen (14) days prior to trial.

3. Proposed jury instructions and special interrogatories must be filed electronically via CM/ECF at least seven (7) days prior to trial. The parties also should email the proposed jury instructions and special interrogatories in Word format, with citations, to urbanski.ecf@vawd.uscourts.gov, and copy opposing counsel.

4. Motions in limine, including motions objecting to introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

5. Box.com will be used in the trial of this case. Counsel must upload proposed exhibits one week prior to trial into Box.com. It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. Evidence will not be displayed to the jury until it has been admitted if there is any question as to its admissibility. Evidence display by counsel at trial is required, so that witnesses need not be handed exhibits.

## Motions

6. All non-dispositive pretrial motions and issues, except motions in limine, are hereby referred to United States Magistrate Judge C. Kailani Memmer, pursuant to 28 U.S.C. §636(b)(1)(A). hearings before Judge Memmer are scheduled by contacting her chambers at (540) 857-5135.

7. Prior to filing any discovery motions, the parties are directed to contact the undersigned judge by telephone in an effort to resolve the issue.

8. A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

9. If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed. For all motions other than motions in limine, opposition briefs must be filed within fourteen (14) days of the date of service of the movant's brief (or within fourteen (14) days of this order if a motion and supporting brief were served before this order). Briefs in opposition to motions in limine must be filed within seven (7) days of the date of service of the movant's motion in limine. Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed. If a moving party desires to submit a reply brief, it must be filed within seven (7) days of the date of service of the brief opposing the motion. A surreply brief may not be filed without prior leave of the court.

10. Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Garamond, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

11. When a dispositive motion, together with its supporting brief and exhibits, consists of fifty (50) or more pages, the filing party must send a paper courtesy copy of the documents to Judge Urbanski's chambers at 210 Franklin Road, SW, Suite 350, Roanoke, VA 24011-2208.

12. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9. The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

13. Motions to join the parties and amend the pleadings shall comply with Rules 15 and 19 of the Federal Rules of Civil Procedure. Absent unusual circumstances, such motions should be filed prior to the close of discovery.

14. The court does not generally schedule motions hearings. Such scheduling is the responsibility of the parties. Any party requesting a hearing must contact Kristin Ayersman

(kristina@vawd.uscourts.gov; 540-857-5153), to set a hearing date. If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing.

15. Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

### Witnesses

16. Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must submit the written report of each expert not later than one hundred five (105) days from the date of this order, and the defendant must submit the written report of each expert no later than one hundred fifty (150) days from the date of this order. Supplemental and additional reports may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

17. With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefore not later than one hundred five (105) days from the date of this order. The defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than one hundred fifty (150) days from the date of this order. Supplemental and additional disclosures may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

18. Any motion to exclude the testimony of an expert must be filed no later than the deadline for filing motions for summary judgment.

19. The parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than twenty-one (21) days prior to trial. For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

### Settlement Conference / Mediation

20. Upon motion of any party, the court will refer the case to a magistrate judge to conduct a settlement conference / mediation.

21. If the case settles before trial and the court does not receive a proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of the entry of the dismissal order.

It is so **ORDERED**.

Entered:   April 14, 2025

*Michael F. Urbanski*

Michael F. Urbanski
Senior United States District Judge